# ORLANDO DAVIDSON
## v.
## JOHN J. CLARK AND BYRON CLARK.

*Contracts—Manufacture of Machines—Breach—Principal and Agent—Estoppel—Evidence—Instructions.*

1. Where a person contracts for the manufacture and purchase of machines, and his agent, who is the patentee of the machine and is familiar with the material and workmanship required, superintends their manufacture and accepts them, the buyer is estopped. to deny that they were properly made.

2. If such agent recommends a workman as a proper person to work on the machines the manufacturers are not responsible for his want of skill.

3. In this case it is held that the instructions were not erroneous in giving undue prominence to certain portions of the facts.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. BOTSFORD & WAYNE, for appellant.

Messrs. SHERWOOD & JONES, for appellees.

LACEY, J. The appellant and appellees entered into a contract May 20, 1887, by which the latter agreed with the former to build for him fifty McCullum potato diggers for $40 per machine, the appellant to pay $1,000 down and the balance when the machines were finished. Appellees agreed to build them with first class material and in a workmanlike manner and paint with two coats of paint and deliver the machines at the depot at South Elgin, when ordered, free of charge. In pursuance to the agreement the appellant paid the first payment down, and during the summer and fall of 1887 the appellees manufactured and delivered the greater portion of the machines as agreed, which were accepted by the appellant through his agent, McCullum, the patentee of the machine.

Afterward $400 in addition to the first payment was paid, leaving a balance due on the contract as claimed of $600, together with some extras amounting to $127.01. The appellant, on the trial of the case, resisted recovery on the alleged ground that the appellees had failed to comply with the contract in the manufacturing of the machines, in that the workmanship and material failed to fill the contract. The cause was tried by a jury and resulted in a verdict for the balance claimed and interest, amounting to $779.91, on which judgment was rendered by the court and from which this appeal is taken. The main point of the complaint here is, that the verdict is manifestly against the weight of the evidence, and that in addition, some of the appellant's instructions were erroneous. The appellees insisted before the jury that, 1st, the machines in material and workmanship were in accordance with the contract; 2d, that the material was such as was directed by McCullum, the agent of appellant, and the mixing of the iron was done by the man who had performed the same service for appellant and McCullum the year before, by the name of Johnson, and who was recommended to appellees by McCullum; 3d, that as to the workmanship, McCullum was present the most of the time overseeing the work, and put a good many of the machines together himself, and finally inspected and accepted the machines, and appellant is estopped from now insisting that the machines are not according to contract. The evidence tends to show that the machines were of first class material and the workmanship in like manner. We think, however, as an original question, the greater weight of the evidence is, that there was a failure on the part of appellees to some extent in those particulars, though hardly so decided as to require reversal merely on that ground after allowing the advantages a party obtains by the verdict of a jury. But the stronger point in appellees' case is the action taken by McCullum, as the evidence quite strongly tends to show he recommended and directed the kind of iron to be used and also the man to mix it and do the casting.

It also appears that he was at least four-fifths of the time putting the machines together and would not wait till they

were done. All the machines were delivered at the depot, except some twelve or thirteen left at the shop.

When it is considered that McCullum was the patentee of the machine and had previously manufactured them, and was an expert judge of the proper material to use and the kind of workmanship required, and that he directed in a great measure everything, and the fact of his acceptance of so large a portion of the machines, we believe the jury were justified in finding that there was an acceptance with full knowledge, and that the appellant was estopped from going back and insisting that the machines thus accepted were not in accordance with the contract.

The appellant also complains of the action of the court in giving appellees' third, fourth, fifth and sixth instructions, because not supported by the evidence, and that they make prominent certain portions of the facts, giving a one-sided view to the case in favor of appellees.

The third instruction in substance is, that if McCullum, with appellant's knowledge and consent, directed the kind of material to be used, and superintended the construction of the machines, and that they were constructed according to his order, then the appellees should not be held responsible for defective material.

The fourth that if McCullum as the appellant's agent requested the appellees to employ Johnson as their moulder, and to have charge of the castings, etc., and he was employed at such request, and McCullum recommended him as a competent man to do the work, that this was a guarantee on appellant's part that he was a competent man, and appellant was estopped to claim that he did his work improperly or inefficiently, or claiming damages for reason of his want of skill. Fifth instruction is that if McCullum, as agent, etc., without appellees' consent interfered with the construction of the machine by reason of which the machines were improperly put together without appellees' fault, then appellees were not barred of recovery of the contract price, if the machine failed to work on account of such interference and the material was first class. The sixth instruction is that though

there were defects in the machine and workmanship, yet if the jury believed from the evidence that such defects could with reasonable prudence have been seen by the defendant or his agent, and that the defendant or his agent had sufficient opportunity to examine such machines before accepting the same, then it was the duty of defendant or his agent to have rejected said machines or to have called the attention of the plaintiffs to such defects and given them an opportunity to correct the same; therefore, if the jury believe from the evidence that defendant or his agent accepted said machines in a defective condition, or, having sufficient opportunity to know that they were defective in workmanship or material, without giving plaintiffs opportunity to correct the same, then defendant is estopped from now setting up said defects as a defense to this action, and plaintiffs are entitled to recover whatever the evidence may show to be due them under the contract.

We see no error in those instructions. They bear upon important points in the case and there is evidence on which to base them; they do not improperly direct the minds of the jury to any particular evidence in the case, but simply important circumstances which are claimed by appellees to have been established by the evidence, which, if established, fix certain rights under the contract.

We think the court did not err in giving them.

These are the substantial objections raised by appellant's counsel against the verdict and which are insisted on as cause for reversal. We do not deem them sufficient and therefore affirm the judgment.                    *Judgment affirmed.*